| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:   1437 Bannock Street<br>                           Denver, Colorado 80202 | DATE FILED: April 25, 2016 11:19 AM<br>FILING ID: 2AD39DAAAD147<br>CASE NUMBER: 2016CV31474 |
| **Plaintiff:**<br><br>TERRIE SUTTON, as Assignee of LEROY GRIGSBY<br><br>vs.<br><br>**Defendant:**<br><br>LOYA INSURANCE COMPANY | ▲COURT USE ONLY▲<br><br>Case Number:  2016CV031474<br><br>Courtroom:  203 |
| Patricia A. Meester #29523<br>DezaRae D. LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:  (303) 759-5203<br>E-Mail:  MeesterP@fdazar.com, lacrued@fdazar.com | |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Terrie Sutton, by and through her attorneys, Franklin D. Azar & Associates, P.C., submits this Complaint against Defendant, states and alleges as follows:

**PARTIES AND GENERAL ALLEGATIONS**

1.    Plaintiff, Terrie Sutton ("Sutton"), is, and at all times pertinent was, a resident of the State of Colorado. Leroy Grigsby is, at all times pertinent, was, a resident of the State of Colorado.

2.    Defendant Loya Insurance Company ("Loya") is a Texas corporation which, upon information and belief, has a principal address of 1800 Lee Trevino, Suite 201, El Paso, TX 79936." Defendant Loya is authorized to do business in, and is engaged in the business of insurance within the State of Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Pursuant to C.R.C.P. 98(c), venue is proper in Denver County, Colorado.

5. On November 16, 2013, Sutton was involved in an automobile collision wherein she was rear-ended by an automobile operated by Leroy Grigsby ("Grigsby"). As a result of the collision, Sutton sustained serious and permanent injuries.

6. Sutton filed a lawsuit against Grigsby in the District Court for Adams County, Colorado, Civil Action No. 2014CV032325 ("the Underlying Case"). In the Underlying Case, Sutton sought compensatory damages from Grigsby.

7. At the time of the automobile collision, the vehicle operated by Grigsby was insured under Loya Policy No. 67552436169 (the "Policy"). At the time of the collision, Grigsby was a permissible driver of the vehicle. Pursuant to the Policy, Loya agreed to pay $25,000 per person/$50,000 per accident to protect its insureds, including permissible drivers for legal liability to persons such as Sutton.

8. By letter dated July 28, 2014, Terrie Sutton requested Loya tender the policy limits of $25,000 on or before August 29, 2014. Fred Loya failed to tender its policy limit of $25,000 by August 29, 2014.

9. Terrie Sutton filed the Underlying Case on December 19, 2014.

10. Defendant Leroy Grigsby was served with the Underlying Case on March 17, 2015.

11. Defendant Loya was notified of the service on Leroy Grigsby by the insured.

12. The Return of Service for Leroy Grigsby was sent to and received by Loya on April 6, 2015.

13. No Responsive pleading to the Underlying Case was filed by Leroy Grigsby or by an attorney on his behalf.

14. Terrie Sutton filed a Motion for Default Judgment on May 19, 2015. The Order for Entry of Default was entered by the Court on May 21, 2015.

15. A damages hearing was held before the Honorable Ted Tow in Adams County on December 10, 2015.

16. An Order of Judgment against Leroy Grigsby was entered by the Court on January 5, 2016. The judgment exceeds $680,000 and post-judgment interest continues to accrue.

17. As a consequence of the misconduct by Loya - - including its failure to resolve the Underlying Case within Policy limits without delay and its failure to provide counsel to Grigsby

in the Underlying Case - - Grigsby was deprived of the opportunity to put the matters at issue behind him and has now been exposed to a high adverse judgment against him.

18. Grigsby has assigned his rights and interests to any claims against Loya for collection of the judgment entered in the Underlying Case, including the rights to prosecute those claims in a civil action and retain the proceeds of such action.

19. Loya's actions were unreasonable and wrongful in numerous respects, including the following:

   a. Its failure to timely review, investigate and settle the claims against Grigsby;

   b. Its refusal to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims against Grigsby, especially in light of the evidence concerning Grigsby's liability and the severity of Sutton's injuries.

   c. Its refusal to provide legal counsel to Grigsby for his defense in the Underlying Case;

   d. Its failure and refusal to indemnify Grigsby for the judgment entered against him in the Underlying Case;

   e. Its consistent actions placing Loya's interests above those of its insured, Grigsby;

   f. Its depriving Grigsby of the benefits and protection of the contract of insurance; and

   g. Other conduct to be developed during these proceedings.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff incorporates all prior allegations as though fully set forth herein.

21. Sometime prior to the accident, Stephon Grigsby, entered into a contract with Defendant Loya for the purpose of obtaining automobile insurance, which policy includes coverage for claims for liability for permissive drivers.

22. Sutton, Stephon Grigsby, and/or Grigsby advised Defendant Loya of a claim for benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Loya in connection with the claim.

23. Grigsby was an insured for purposes of liability coverage on the relevant policy.

24. Loya breached its contract with Grigsby. Sutton, through the assignment by Gribsby, is therefore entitled to damages.

## SECOND CLAIM FOR RELIEF
### (BAD FAITH)

25. Plaintiff incorporates all prior allegations as though fully set forth herein.

26. Defendant Loya owed Grigsby a duty to act in good faith in reviewing, adjusting and settling its claims.

27. Defendant Loya breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following unreasonable conduct, among other acts:

   a. Its failure to timely review, investigate and settle the claims against Grigsby;

   b. Its refusal to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims against Grigsby, especially in light of the evidence concerning Grigsby liability and the severity of Sutton's injuries.

   c. Its refusal to provide legal counsel to Grigsby for his defense in the Underlying Case;

   d. Its failure and refusal to indemnify Grigsby for the judgment entered against him in the Underlying Case;

   e. Its consistent actions placing Loya's interests above those of its insured, Grigsby;

   f. Its depriving Grigsby of the benefits and protection of the contract of insurance; and

   g. Other conduct to be developed during these proceedings.

28. Defendant Loya's actions were unreasonable.

29. Defendant Loya knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

30. As a direct result of Defendant's breaches of its duties to its insured, Grigsby has been damaged. Sutton, through the assignment by Grigsby, is therefore entitled to damages.

4

## THIRD CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. § 10-3-1116)

31.     Plaintiff incorporates all prior allegations as though fully set forth herein.

32.     Defendant Loya has denied and delayed payment of liability benefits without a reasonable basis for its action.

33.     Defendant Loya's unreasonable position and conduct has caused Grigsby damage by exposure to an excess verdict because of delay.

34.     In accordance with C.R.S. §10-3-1116, Grigsby is entitled to recover from Defendant Loya two times the covered liability benefits plus reasonable attorney's fees and court costs.

35.     Sutton, through the assignment by Grigsby, is therefore entitled to these damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES TO TRIABLE.**

Dated: April 25, 2016

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By:  /s/ *DezaRae D.LaCrue*
DezaRae D. LaCrue, #40290
Counsel for Plaintiff

**Plaintiff's Address:**
178 Firestone Circle
Lochbuie, CO 80603

5

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:   1437 Bannock Street<br>                Denver, Colorado 80202 | DATE FILED: April 25, 2016 11:19 AM<br>FILING ID: 2AD39DAAAD147<br>CASE NUMBER: 2016CV31474 |
| **Plaintiff:**<br><br>TERRIE SUTTON, as Assignee of LEROY GRIGSBY<br><br>vs.<br><br>**Defendant:**<br><br>LOYA INSURANCE COMPANY | ▲COURT USE ONLY▲<br><br>Case Number: 2016cv031474<br><br>Courtroom: 203 |
| Patricia A. Meester #29523<br>DezaRae D. LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:   (303) 759-5203<br>E-Mail:   MeesterP@fdazar.com, lacrued@fdazar.com | |
| **SUMMONS** | |

The People of the State of Colorado
To the Defendant, Loya Insurance Company, named above,

You are summoned and required to file with the Clerk of this Court, an Answer or other response to the attached Complaint within twenty-one (21) days after this Summons is served on you in the State of Colorado, or within thirty-five (35) days after this Summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the Complaint, without any further notice to you.

The following documents are also served with this Summons: Complaint, Civil Case Cover Sheet.

Dated April 25, 2016.                    FRANKLIN D. AZAR & ASSOCIATES, P.C
                                         By: _/s/ DezaRae D.LaCrue_
                                         DezaRae D. LaCrue, #40290

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons.



**COLORADO**
Department of
Regulatory Agencies

Division of Insurance
1560 Broadway Suite 850, Denver, CO 80202

M360700260

cgf

7015 0640 0003 7036 1551

**CERTIFIED MAIL**

ATTN SECRETARY OFFICER OF THE COMPANY
LOYA INSURANCE COMPANY
1800 LEE TREVINO SUITE 201
EL PASO TX 79936



U.S. POSTAGE >> PITNEY BOWES
ZIP 80216
02 1W
0001366873 APR 28 2016
$ 006.67⁵

11198

16-12251



**COLORADO**
Department of
Regulatory Agencies

Division of Insurance

Marguerite Salazar
Commissioner of Insurance

April 28, 2016

$261-1921.$

LOYA INSURANCE COMPANY
1800 LEE TREVINO SUITE 201
EL PASO TX 79936

Attention: Secretary Officer of Company

**Re: Terrie Sutton v. Loya Insurance Company**

As provided by § 10-3-107, Colorado Revised Statutes, on April 26, 2016 service was made upon the Commissioner of Insurance as your registered agent for the above referenced matter.

Enclosed is your copy of the documents, which were served in the above-entitled cause of action.

Sincerely,
Marguerite Salazar
Commissioner of Insurance

Christine Gonzales-Ferrer
Compliance Assistant

Enc.
Cc:
JOSE ARTURO RAMIREZ
1800 LEE TREVINO, SUITE 201
EL PASO TX 79936



1560 Broadway, Suite 850, Denver, CO 80202   P 303.894.7499  Toll Free 800.930.3745  F 303.894.7455
www.dora.colorado.gov/insurance